UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THOMAS SHEAHAN,<br><br>                    Petitioner,<br><br>v.<br><br>WARDEN PHILLIP VALDEZ,<br><br>                    Respondent. | Case No. 1:09-00191-MHW<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

Pending before the Court in this habeas corpus matter is Respondent's Motion for Partial Summary Dismissal. (Dkt. 14.) Also pending are Petitioner's Motion Requesting Leave to File a Response Brief to Respondent's Reply (Dkt. 22) and Petitioner's Motion for Appointment of Counsel (Dkt. 24). The parties have consented to a United States Magistrate Judge conducting all proceedings, in accordance with 28 U.S.C. § 636(c). (Dkt. 12.) The Court finds that decisional process would not be aided by oral argument, and it will resolve these matters on the record after consideration of the parties' written submissions. D. Idaho L. Civ. R. 7.1(d).

For the reasons that follow, the Court will deny Petitioner's Motion for Appointment of Attorney and Motion Requesting Leave to File a Response Brief to Respondent's Reply. The Court will grant in part and deny in part Respondent's Motion

**MEMORANDUM DECISION AND ORDER - 1**

for Partial Summary Dismissal, and Claims 1 - 3 will be dismissed with prejudice.

## BACKGROUND

The Idaho Court of Appeals recited the factual background of this case as follows:

> During the very early hours of August 20, 1992, a Shoshone County emergency medical technician responded to a report of an automobile accident in which Sheahan had been the driver. According to the emergency technician, Sheahan was aggressive and uncooperative at the scene, and got back into his car and sped away down the Coeur d'Alene River Road. In the car with Sheahan were his brother, Bill, who was in the front passenger seat, and Keith Olson and Perry Padley, who were in the back seat.
>
> Only four minutes later Deputy Sheriff Mitch Alexander encountered Sheahan's car, which had been nearly ripped in two after crashing into a lane barrier. Alexander testified that when he stopped at the scene, he observed Sheahan in the driver's seat of the car and Sheahan's brother in the front passenger seat; both were unconscious. Olson had been partly ejected from the car and was dead. Padley had been completely ejected from the car and was found in the middle of the road. He, too, was dead.
>
> Sheahan and his brother soon regained consciousness; they were stumbling and exuded a strong odor of alcohol. John Rose, who was the Prosecuting Attorney for Shoshone County at the time, arrived at the scene in response to a call from the county sheriff's dispatcher. Rose spoke to deputy Alexander, who identified Sheahan as the person who had been unconscious behind the wheel of the vehicle when he arrived. Rose then directed deputy Alexander to obtain a search warrant to test the blood of Sheahan and his brother. A laboratory analysis of the blood taken showed an alcohol concentration of .16 in each of the men. The presence of marijuana was also detected.

(State's Lodging B-4, p.2.)

Based on these events, the State charged Thomas Sheahan with two counts of vehicular manslaughter. He was convicted after a jury trial, and the state court sentenced him to ten years fixed on each count, running consecutively, for a total controlling term of

20 years fixed. (State's Lodging A-1, p. 15.) Sheahan appealed, raising the single issue that the district court erred in allowing former prosecuting attorney John Rose to testify at trial. (State's Lodging B-1, p. 2.) The Idaho Court of Appeals rejected that argument and affirmed the judgment. (State's Lodging B-4.) Sheahan did not seek review in the Idaho Supreme Court.

Sheahan next submitted an application for post-conviction relief in the district court on July 20, 1995, which he later amended, but due to several changes in appointed counsel and other procedural issues the application was not finally resolved until November 2004, when the district court entered an order of dismissal. (State's Lodging C-1, p. 4; C-2, pp. 259-60.) The Idaho Court of Appeals affirmed the dismissal, and the Idaho Supreme Court declined to review the case. (State's Lodgings D-4; D-7.)

Sheahan filed the current Petition for Writ of Habeas Corpus, raising twelve claims for relief, on April 23, 2009. Respondent has responded to the Petition by filing a Motion for Partial Summary Dismissal. (Dkt. 14.) In his Motion, Respondent contends that Claims 1 through 4 were not properly exhausted in the state courts and are now procedurally defaulted. (Dkt. 14-1, p. 6.) Sheahan has responded (Dkt. 17), and the Court is now prepared to rule.

## MOTION FOR THE APPOINTMENT OF COUNSEL

As a preliminary matter, Sheahan has requested the Court to appoint counsel to assist him. There is no constitutional right to counsel in a habeas corpus action. *Coleman v. Thompson,* 501 U.S. 722, 755 (1991). A habeas petitioner has a right to counsel, as

**MEMORANDUM DECISION AND ORDER - 3**

provided by rule, only if an evidentiary hearing is required in his case, *see* Rule 8(c) of the Rules Governing Section 2254 Cases, but the Court may exercise its discretion to appoint counsel for an indigent petitioner in any case where required by the interests of justice. 28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2)(B). Whether counsel should be appointed turns on a petitioner's ability to articulate his claims in light of the complexity of the legal issues and his likelihood of success on the merits. *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

Sheahan has been able to articulate his claims clearly for the Court's review, and he does not need assistance in drafting a further response to Respondent's Motion for Partial Summary Dismissal. In addition, it is unclear at this juncture whether any of his habeas claims are potentially meritorious. For these reasons, his request for counsel will be denied.

## LEGAL STANDARDS GOVERNING EXHAUSTION AND PROCEDURAL DEFAULT

A habeas petitioner must first exhaust his state court remedies before a federal court can grant relief on a constitutional claim. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To exhaust a federal claim properly, the petitioner must invoke one complete round of the state's established appellate review process, giving the state courts a full and fair opportunity to correct the alleged constitutional error at each level of appellate review. *Baldwin v. Reese*, 541 U.S. 27 (2004).

When a habeas petitioner has not fairly presented a constitutional claim to the

**MEMORANDUM DECISION AND ORDER - 4**

highest state court, and it is clear that the state court would now refuse to consider it because of the state's procedural rules, the claim is procedurally defaulted. *Gray v. Netherland*, 518 U.S. 152, 161 (1996). A habeas claim is also defaulted when the petitioner actually raised the constitutional claim in state court, but the state court denied or dismissed the claim after invoking a procedural bar that is independent of federal law and is adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). To be "independent," the state court's decision must not be interwoven with federal law or rest primarily upon federal law. *Bennett v. Mueller*, 322 F.3d 573, 581 (9th Cir. 2003). To be "adequate," the state procedural rule must be "clear, consistently applied, and well established" at the time of the petitioner's default. *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994).

A claim that rests upon an independent and adequate state law ground will not be considered in a habeas proceeding unless the petitioner can establish cause for his procedural default and actual prejudice, or he can show a miscarriage of justice in his case, which means that he is probably innocent. *Coleman*, 501 U.S. at 750. Respondent has the burden to plead and prove the existence of an independent and adequate state law ground. *Bennett*, 322 F.3d at 585-86.

# DISCUSSION

## 1. Claims 1 - 3 are Procedurally Defaulted

Respondent argues that Sheahan did not raise Claims 1 - 4 in a procedurally proper manner in the state appellate courts and those claims must be dismissed as procedurally defaulted. (Dkt. 14-1, p. 10.) In these claims, Sheahan alleges:

1. His right to due process of law under the Fourteenth Amendment was violated because the trial court failed to inquire about his competence to stand trial due to his head injury;

2. His right to due process law was violated because the trial court rushed his counsel to trial without giving him sufficient time to prepare;

3. His Sixth and Fourteenth Amendment right to a fair trial was violated because the trial court did not allow him to present evidence that he was not the driver of the vehicle; and

4. He was deprived of his Sixth Amendment right to the effective assistance of counsel because his trial counsel had a conflict of interest with his prior counsel, who was from the same firm.

Respondent notes correctly that Sheahan did not raise any of these four claims during his direct appeal. (State's Lodging B-1.) Respondent also contends that although Sheahan attempted to raise the claims in the state post-conviction action, the Idaho Court of Appeals rejected them on the procedural ground that they should have been raised on direct appeal, which Respondent asserts is an independent and adequate state law ground.

**MEMORANDUM DECISION AND ORDER - 6**

This Court agrees with Respondent as to Idaho Court of Appeals' decision over Claims 1 - 3. During the post-conviction appeal, the Court of Appeals approved of the district court's dismissal Sheahan's first eleven claims of error in his Amended Petition for Post-Conviction Relief, which included the same four claims at issue here, because they "could have been raised on direct appeal, and therefore were not properly before the court in the application for post-conviction relief." (State's Lodging D-4, p. 7.) Citing Idaho Code § 19-4901(b), the Court of Appeals concluded that the claims "were waived and cannot be considered in post-conviction proceedings." (*Id.*) Respondent has convinced the Court that this is an independent and adequate state law ground.

However, the state court's resolution of the conflict of interest claim–Claim 4–is more problematic. Sheahan appears to have raised the same conflict claim twice in his Amended Petition in state district court, once as Claim 10 and again as Claim 17. (*See* State's Lodging C-1, pp. 126, 128.) Although the Idaho Court of Appeals deemed the first eleven claims of error in the Amended Petition to have been forfeited, it specifically noted that the conflict claim "is discussed in more detail below." (State's Lodging D-4, p. 9.) The "more detail" amounted to a denial of relief on the merits under the standards governing ineffective assistance of counsel claims. (State's Lodging D-4, p. 13.) Sheahan also sought review in the Idaho Supreme Court, in part, because "his 6th Amendment right to effective assistance of counsel has been violated and continue[s] to be violated," and he referred to the claims in which he alleged a conflict of interest. (State's Lodging D-6, p. 10.) As a result, the Idaho Court of Appeals addressed the merits of this claim,

**MEMORANDUM DECISION AND ORDER - 7**

and Sheahan properly exhausted it in the Idaho Supreme Court.

The Court finds that Claims 1 - 3 are procedurally defaulted, but Respondent has not carried his burden to show that the state court's judgment on Claim 4 rests on an independent and adequate state procedural ground. That claim will not be dismissed at this time.

**2. Sheahan Has Not Shown Cause and Prejudice**

In his Response, Sheahan argues that he is not responsible for the default of Claims 1 - 3 because his appointed counsel failed to raised the claims on direct appeal. He is essentially arguing that his appellate counsel's ineffectiveness was the cause of the default.

A habeas claim that rests upon an independent and adequate state law ground can only be reviewed on the merits if the petitioner has established valid cause for the default and shown actual prejudice as a result of the constitutional error.[1] *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show cause, the petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Id.* at 488. To show prejudice, the petitioner bears the burden of demonstrating that the errors "worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

---

[1] Petitioner does not argue that a fundamental miscarriage of justice exists, and that exception will not be addressed. *See Murray,* 477 U.S. at 495-96.

**MEMORANDUM DECISION AND ORDER - 8**

A criminal defendant generally bears the risk of attorney error, and "[t]he mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default." *Murray*, 477 U.S. at 486. Rather, only a violation of the defendant's constitutional right to the effective assistance of counsel will be attributable to the state. *Id*. at 488-89. Counsel's failure to preserve another constitutional claim in state court will amount to a valid cause for the default only when counsel's error is, itself, an independent constitutional violation. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). Moreover, the ineffective assistance of counsel claim asserted as cause must have also been properly exhausted and free from procedural default. *Id*. at 453.

Here, Respondent contends that Sheahan's argument for cause fails because he did not properly exhaust an ineffective assistance of appellate counsel claim in the state post-conviction matter based on the counsel's supposed failure to raise the first three constitutional claims during the direct appeal. (Dkt. 19, p. 5.) Respondent seems to acknowledge that Sheahan raised ineffective assistance of counsel claims in the post-conviction proceeding, just not on *these* grounds.

This Court does not share Respondent's view of the record. After the Idaho Court of Appeals found that certain claims were forfeited because they were not raised on direct appeal, it then moved to a discussion of Sheahan's alternative argument that "the claims could not have been brought on direct appeal because his attorney would not raise them for him, thus charging ineffective assistance of appellate counsel." (State's Lodging D-4,

p. 8.) In other words, the Court of Appeals addressed the merits of Sheahan's argument that his appellate counsel was ineffective for not raising the defaulted claims. In doing so, the Court of Appeals briefly addressed the underlying claims–including the issues of competency (Claim 1), rushing counsel to trial (Claim 2), and excluding a full defense (Claim 3)–and concluded that appellate counsel was not ineffective because none of these claims independently had merit as direct appeal issues. (*Id*. at 9.) Sheahan also raised his ineffective assistance of appellate counsel claim in his Brief in Support of Petition for Review. (State's Lodging D-6, p. 10.)

The Court therefore concludes that Sheahan's ineffective assistance of appellate counsel claim is properly exhausted on the same three grounds that he has presented here as Claims 1 -3. Because the Court finds that Sheahan exhausted the claim that he is relying on as cause, his request to address that particular issue in supplemental briefing will be denied as unnecessary. (Dkt. 22.)

This gets Sheahan only partly through the gateway, however. To *excuse* his default, he must still establish a violation of his constitutional right to the effective assistance of counsel on direct appeal. *See Edwards*, 529 U.S. at 451 (holding that only an independent constitutional violation of the right to counsel will excuse a default). To do so, he must show that his counsel's performance was both unreasonably deficient and that he was actually prejudiced. *See Strickland v. Washington*, 466 U.S. 668, 684 (1984). An attorney's representation will be deemed to have been deficient only if it fell below an objective standard of reasonableness measured under prevailing professional norms. *Id*. at

**MEMORANDUM DECISION AND ORDER - 10**

689, 694. To prove prejudice, a petitioner must demonstrate that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* This same two-part standard applies to claims of ineffective assistance of counsel on direct appeal. *Smith v. Robbins*, 528 U.S. 259, 286 (2000).

An appellate attorney's representation will not unreasonably deficient simply because he or she failed to raise every non-frivolous issue requested by the appellant. *Jones v. Barnes*, 463 U.S. 745, 751-54 (1983). The "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 535 (1986) (quoting *Barnes*, 463 U.S. at 751-752). Generally, to show unreasonable representation, an omitted issue must have been "significant and obvious" on the record and clearly stronger than the issues that were raised. *See, e.g., Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1985); *Miller v. Keeney*, 882 F.2d 1428, 1434 (9th Cir. 1989). The petitioner must also demonstrate that had counsel presented the issue on appeal, there is a reasonable probability that the appellate court would have reversed. *Robbins*, 528 U.S. at 288.

After applying these standards, this Court concurs with the Idaho Court of Appeals that the ineffective assistance of appellate counsel claim based on the failure to raise Claims 1 - 3 lacks merit. The omitted issues would not have been "significant and obvious" from the record, nor were they noticeably stronger than the single issue that was

**MEMORANDUM DECISION AND ORDER - 11**

raised. As a result, Sheahan cannot show either deficient performance or prejudice.

For instance, while there was evidence in the trial record that Sheahan suffered some type of head injury in the car accident that led to the manslaughter charges, there was little to no evidence that he was actually incompetent to proceed to trial (Claim 1). To the contrary, as noted by the Court of Appeals, Sheahan interacted well with his counsel before trial, and he demonstrated a good recall of the events. Appellate counsel would have had no firm basis to press a competency claim on direct appeal.

With respect to Sheahan's claim that the trial court forced trial counsel to go to trial unprepared (Claim 2), trial counsel informed the court on the record that, although he felt "rushed," he was ready to go to trial. (State's Lodging A-3, p. 130.) And Sheahan's claim that he was not permitted to present a complete defense to the charges because test results from the clothing that he was wearing at the time of the crash were never disclosed (Claim 3) is undermined by his failure to explain how the trial court could have provided evidence that law enforcement officers supposedly lost. Moreover, even if the actions of law enforcement officers were the more accurate target for his claim, "unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law." *Arizona v. Youngblood*, 488 U.S. 51, 57 (1988).

The Court concludes that Sheahan's counsel was not ineffective on direct appeal in failing to raise these three issues, and the default of the substantive habeas claims will not be excused. For these reasons, Respondent's Motion for Partial Summary Dismissal will

**MEMORANDUM DECISION AND ORDER - 12**

be granted in part, and Claims 1 - 3 in the Petition will be dismissed with prejudice.

## ORDER

IT IS HEREBY ORDERED:

1. Petitioner's Motion Requesting Leave to File a Response Brief to Respondent's Reply Brief (Dkt. 22) is DENIED.

2. Petitioner's Motion to Appoint Counsel (Dkt. 24) is DENIED.

3. Respondent's Motion for Partial Summary Dismissal (Dkt. 14) is GRANTED in part and DENIED in part. Claims 1 through 3 in the Petition for Writ of Habeas Corpus are DISMISSED with prejudice. Claim 4 is not dismissed.

4. Respondent shall file an answer addressing the remaining claims in the Petition no later than 60 days after the date that his Order is entered on the docket. All dispositive motions are due within 30 days of the filing of an answer. The parties shall adhere to the deadlines in the Initial Review Order for the filing of responses and replies. (Dkt. 6, p. 4.)

DATED: September 27, 2010

Honorable Mikel H. Williams
United States Magistrate Judge